**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Scott ROBINSON, Defendant–**
**Appellant.**

**No. 00–10600.**
**D.C. No. CV–96–01018–HG.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted Sept. 10, 2001.*

Decided Sept. 19, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Scott Robinson appeals pro se the district court's denial of his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of a motion for a new trial, *United States v. Sitton,* 968 F.2d 947, 959 (9th Cir.1992), and we affirm.

The district court properly concluded that, even if the evidence Robinson points to is newly discovered and true, he has not shown that a new trial would probably result in acquittal. The fact that other individuals may have been involved in the manufacture of methamphetamine and the fire in Robinson's apartment does not sufficiently impugn the overwhelming evidence of Robinson's own participation in the making of the drugs: his fingerprints on the chemicals and his admissions in his letter from jail. The district court therefore did not abuse its discretion in denying Robinson's motion for a new trial. *See id.* at 959–60 ("To gain a new trial the movant must show: ... (5) the evidence indicates that a new trial would probably result in acquittal."); *United States v. Holmes,* 229 F.3d 782, 789 (9th Cir.2000) (concluding that government's alleged failure to disclose evidence did not warrant granting new trial motion where there was no reasonable probability that, had the evidence been disclosed, the result of the trial would have been different), *cert. denied,* 531 U.S. 1175, 121 S.Ct. 1148, 148 L.Ed.2d 1011 (2001).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.